1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEREMY DUT HING CHIU,

11              Petitioner,                    No. CIV S-06-0962 MCE DAD P

12        vs.

13   RICHARD KIRKLAND, Warden,

14              Respondent.               ORDER

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254 in which he attacks a judgment of conviction entered by the

18   Sacramento County Superior Court.  Petitioner has paid the required filing fee.

19          The court is required to examine a habeas petition to determine whether the

20   pleading complies with the rules that govern such cases and whether the respondent should be

21   required to file a response.  Rules 2 & 4, Fed. R. Governing § 2254 Cases in the District Courts.

22   A federal habeas petition must substantially follow either the form appended to the Federal Rules

23   Governing § 2254 Cases or a form prescribed by a local district-court rule.  Rule 2(d), Fed. R.

24   Governing § 2254 Cases in the District Courts.

25          The habeas petition filed in this case is comprised of a cover page, a 7-page form

26   petition with one continuation page, a separate prayer for relief, a 22-page memorandum of

1

1  points and authorities, and 124 pages of exhibits.  Petitioner has not completed all parts of the

2  petition form.  He refers to various exhibits for such basic information as the date of his

3  judgment of conviction, the length of his sentence, the nature of his offense, the grounds raised

4  on appeal and in state habeas proceedings, and the dates of state court proceedings.  The form

5  identifies six grounds for relief, but no supporting facts are set forth on the form.  Although

6  petitioner refers to his attached memorandum of points and authorities, he does not cite specific

7  pages.  Petitioner's attached memorandum of points and authorities contains no discussion of

8  petitioner's first and second grounds for relief but merely refers to exhibits that appear to be

9  excerpts from a state court brief.  Neither the exhibits nor petitioner's points and authorities

10  include a proper statement of supporting facts for each of petitioner's six grounds for relief.

11             The petition before the court does not substantially follow the federal habeas

12  petition form.  The pleading fails to state basic information about petitioner's conviction and

13  sentence, petitioner's exhaustion of state court remedies, and the facts that support each of

14  petitioner's claims.  The petition will be dismissed with leave to file an amended petition that

15  complies with Rule 2 of the Federal Rules Governing § 2254 Cases.

16             In his amended petition, petitioner must complete all parts of the form.  If

17  additional space is required in order to provide a complete response to any question on the form,

18  petitioner may continue the response on a page that follows the same format as the form page.

19  Continuation pages must be clearly linked to the form by page number or question number.

20  Petitioner must allege his grounds for relief on the form, with continuation pages, if necessary,

21  and must set forth a brief summary of supporting facts for each claim.  Petitioner may attach a

22  memorandum of points and authorities and exhibits, but he may not refer to any attachment in

23  lieu of completing any part of the form.

24             Petitioner's habeas petition was accompanied by a motion for appointment of

25  counsel.  There currently exists no absolute right to appointment of counsel in habeas

26  proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, counsel may

1   be appointed at any stage of the case "if the interests of justice so require."  18 U.S.C. § 3006A.

2   See also Rule 8(c), Fed. R. Governing § 2254 Cases.  The court does not find that the interests of

3   justice require appointment of counsel in this case at the present time.

4               In accordance with the above, IT IS HEREBY ORDERED that:

5               1.  Petitioner's May 3, 2006 motion for appointment of counsel is denied;

6               2.  The petition for writ of habeas corpus filed on May 3, 2006, is dismissed with

7   leave to amend;

8               3.  Petitioner is granted thirty days from the date of this order to file an amended

9   petition that complies with this order and Rule 2 of the Federal Rules Governing § 2254 Cases;

10  the amended petition must include the word "Amended" in front of the word "Petition" and must

11  bear the case number assigned to this action; and

12              4.  The Clerk of the Court is directed to send petitioner a form petition for writ of

13  habeas corpus pursuant to 28 U.S.C. § 2254; the Clerk shall remove the in forma pauperis

14  application form and related instructions from the habeas petition form.

15  DATED: December 6, 2006.

16

17  _____

18  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

19  DAD:13
    chiu0962.115

20

21

22

23

24

25

26